

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-79,286-01

### EX PARTE FRANK NAVARIJO, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### IN CAUSE NO. 98-CR-4635 IN THE 186TH DISTRICT COURT
### BEXAR COUNTY

**PRICE, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

By design, the standard for proving actual innocence is unforgiving.[1]   Indeed,

demonstrating actual innocence in a post-conviction application for writ of habeas corpus is,

---

[1]  *See Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996) ("[A]n exceedingly high standard applies to the assessment of claims of actual innocence that are not accompanied by a claim of constitutional error at trial.");  *Ex parte Spencer*, 337 S.W.3d 869, 881 (Tex. Crim. App. 2011) (Price, J., concurring) ("[W]hen we first recognized bare actual innocence as a cognizable, stand-alone claim in post-conviction habeas corpus proceedings, we deliberately designed the standard to be exceedingly rigorous.").

we have said, "a Herculean task."[2] In order to do so, "an applicant must produce new evidence to demonstrate that he is 'unquestionably innocent'; that is to say, the reviewing court must be able to conclude, after factoring the new, exculpatory evidence in with the inculpatory evidence introduced at trial, that the applicant has shown 'by clear and convincing evidence that no reasonable juror would have convicted him in light of the new evidence.'"[3] The convicting court has addressed this standard, finding that the complainant's recantation testimony was more credible than her trial testimony in this case, and recommending that we conclude from this finding, "by clear and convincing evidence[,] that no rational juror would convict the applicant in light of the new evidence[.]"[4] And, indeed, there is ample evidence in the record to suggest that the complaining witness's recantation is sincere and genuine, and that she only testified against the applicant as she did at trial because her grandmother, who entertained an inexplicable animus against the applicant, had put her up to it. Nevertheless, like the Court, I would ultimately reject the convicting court's recommendation that we grant relief.

I do not think this Court is bound by the convicting court's determination that the complaining witness's recantation is more credible than her trial testimony, even if it is

---

[2] *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006).

[3] *Spencer*, 337 S.W.3d at 881 (Price, J., concurring) (quoting *Elizondo*, 947 S.W.2d at 209).

[4] Majority Opinion at 10-11.

supported by the record. This Court is the court of return in the particular context of post-conviction applications for writ of habeas corpus.[5] It is true that the convicting court is the "original" fact-finder (if only because this Court has no institutional capacity for factual development), and we will ordinarily defer to that court's findings of fact when they are supported by the record.[6] But that deference is by no means boundless. Because we are the court of return in felony post-conviction habeas corpus proceedings, it is my position that we are the "ultimate" fact-finder, with the absolute prerogative to reject the convicting court's recommendations—even if they *are* supported by the record—if we think another disposition is manifestly *better* supported by the record.[7]

Even accepting that the convicting court's determination that the recantation is credible finds support in the record, I do not think that the convicting court's conclusion that its *own* assessment of the credibility of the complaining witness's recantation (or, for that matter, our assessment) necessarily translates into clear and convincing evidence that no reasonable juror would fail to find the recantation more credible than the complaining witness's trial testimony. It does not ultimately matter whether the convicting court—or even

---

[5] Tex. Code Crim. Proc. art. 11.07 § 3(a).

[6] *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008).

[7] *Ex parte Butler*, 416 S.W.3d 863, 879 n.6 (Tex. Crim. App. 2012) (Price, J., dissenting); *Spencer*, 337 S.W.3d at 880 n.1 (Price, J., concurring); *Ex parte Robbins*, 360 S.W.3d 446, 467 n.14 (Tex. Crim. App. 2011) (Price, J., concurring); *Reed*, 271 S.W.3d at 754-55 (Price, J., concurring).

this Court—happens to believe the complaining witness's recantation. By this I do not mean to suggest that an objective evaluation of the credibility of the complaining witness's recantation is not *relevant* to the disposition of an applicant's actual innocence claim. But whether the convicting court or this Court should find a complaining witness's recantation credible or incredible does not, *by itself*, dispose of the claim. Why? Because, ultimately, the *Elizondo* standard does not *ask* whether *we* find the new evidence of innocence to be credible, reliable, or true. Instead, we are called upon to evaluate what a reasonable *juror* would have believed about the credibility or reliability or truth of the newly discovered evidence. Therefore, even accepting the convicting court's assessment that the recantation in this case is credible, and assuming as well that the question of whether any reasonable juror would still have convicted the applicant in light of the complaining witness's recantation is a mixed question of law and fact that turns (at least in part) upon an objective assessment of the credibility of the recantation itself, I do not believe we are bound by the convicting court's recommendation regarding what reasonable jurors would do.[8] That question is ultimately for this Court to decide.

"Clear and convincing evidence is defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the

---

[8] *See Ex parte Thompson*, 153 S.W.3d 416, 428 (Tex. Crim. App. 2005) (Cochran, J., concurring) (characterizing this Court's review of "the ultimate legal question" of whether no reasonable juror would convict the applicant claiming actual innocence as *de novo*).

allegations sought to be established."[9]  Here, the allegation sought to be established is not

that the complaining witness's recantation is credible in the abstract.  Rather, the allegation

sought to be established is that no reasonable juror would have convicted the applicant had

it heard, in addition to the complaining witness's inculpatory trial testimony, her present

recantation.  That  recantation must be sufficiently convincing and compelling that it

produces in our minds the firm belief or conviction that no reasonable juror, having heard it,

would have persisted in relying upon the complaining witness's trial testimony to convict.

That the convicting court chose to believe the complaining witness's recantation in this case

certainly has some bearing on our resolution of this issue; but it does not necessarily compel

us to answer the dispositive question—"Would no reasonable juror convict?"—in the

applicant's favor.  While I think it is an agonizingly close question,[10] given the circumstances

of this case as cataloged in the Court's opinion (the medical testimony at trial strongly

tending to corroborate that an assault took place, the complaining witness's acknowledgment

at the writ hearing that nobody *else* sexually assaulted her,[11] and the detailed nature of the

---

[9] *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979).

[10] The case for actual innocence here is certainly more compelling, for example, than it was in *Ex parte Harleston*, ___ S.W.3d ___, No. WR-79,196-01, 2014 WL 1923231 (Tex. Crim. App. May 14, 2014);  *id*. (Price, J., concurring).

[11] On cross-examination during the habeas hearing, the complaining witness explicitly testified:

Q.  You are here to say and you have said before that [the applicant] did not

complainant's trial testimony versus the haziness of her present-day memory), I cannot ultimately say that the complaining witness's recantation produces a *firm* belief or conviction in *my* mind that *no* reasonable juror would have convicted the applicant had the present recantation been added to the evidentiary mix at trial. I therefore reject the convicting court's recommendation that we should conclude otherwise.

For these reasons, I concur in the Court's judgment.

FILED:     June 18, 2014
PUBLISH

---

molest you, correct?

A. Correct.

Q. Do you recall anyone else molesting you?

A. No.

Q. Do you recall anyone else being around you or any physical objects that I recall that back at trial was either -- that he penetrated you or it could have been with an object?  Do you recall anyone using any objects or anything on you?

A. No.